**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**INFINITY AUTO INSURANCE
COMPANY,**

                **Plaintiff,**

**-vs-**                                            **Case No. 6:10-cv-1659-Orl-28KRS**

**JORGE FARFAN-CORREA, CINDY
FARFAN, YVETTE FARFAN,**

                **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT/SUMMARY FINAL JUDGMENT (Doc. No. 12)**
>
> **FILED:**      **January 4, 2011**

**I.    PROCEDURAL HISTORY.**

      Defendant Jorge Farfan-Correa applied for auto insurance with Plaintiff Infinity Auto Insurance Company (Infinity) for a 2008 Hyundai Accent on January 6, 2010 by phone through his insurance agent, AA Auto Insurance of Orlando. Doc. No. 1 ¶¶ 10, 16. On January 10, 2010, Farfan-Correa signed the application for insurance and represented that he resided in Florida and that the car would be garaged in Florida ten months out of the year. . *Id*. ¶¶ 10, 12. The policy stated that it would

be "null and void" if the information on the application was "false, or misleading, or would affect acceptance of the risk" by the insurance company. *Id.* ¶ 12. Infinity alleges that the insurance contract was entered into in Florida. *Id.* ¶ 8.

On July 10, 2010, Cindy Farfan and Yvette Farfan were in the car and were involved in an accident in the state of New York. They claimed injuries and coverage under the policy. Doc. No. 1 ¶¶ 7, 17-18. On October 4, 2010, Infinity obtained a recorded statement from Jorge Farfan-Correa in which he stated that he and his family had been living in New York for the past two years. *Id.* ¶¶ 20, 21. Farfan-Correa admitted that he rented out the house in Orlando and used that address to obtain insurance for the car. *Id.* ¶ 22. He also stated that the car had been garaged in New York for the past two years. *Id.* Upon discovering this misrepresentation, Infinity rescinded the policy, refunded Farfan-Correa's premium, and informed him that the policy was void from its inception. *Id.* ¶ 23.

Infinity filed a complaint against Defendants Jorge Farfan-Correa, Cindy Farfan and Yvette Farfan (Defendants). Infinity sought a declaratory judgment that it has no duty to defend or indemnify Defendants or any other party for any claims arising out of an automobile accident which occurred in New York on July 10, 2010. Infinity also sought a declaratory judgment that the automobile insurance policy Infinity issued to Jorge Farfan-Correa was void *ab initio* due to misrepresentations in the policy application. Doc. No. 1.

Infinity served the summons and complaint on Defendants by leaving a copy at the Defendants' dwelling with someone of suitable age and discretion who resided there pursuant to Federal Rule of Civil Procedure 4(e)(2)(b). Doc. No. 8-1. Defendants did not appear or respond to the complaint. Accordingly, the Clerk of Court entered a defaults against Defendants. Doc. Nos. 9, 10, 11. Infinity now seeks entry of a default judgment.

## II. APPLICABLE LAW.

A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). "[A] defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). The allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

"Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Id.* (citing *Iqbal*, 129 S. Ct. at 1950; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007)). "The well-pled allegations must nudge the claim 'across the line from conceivable to plausible.' " *Id.* at 1261 (quoting *Twombly*, 550 U.S. at 570).

## III. ANALYSIS.

Infinity alleges that Florida law applies because, under Florida choice of law provisions, interpretation of a contract is governed by the law of the jurisdiction where the contract was executed. *Prime Ins. Synd. v. B.J. Hadley Trucking, Inc.*, 363 F.3d 1089, 1091 (11th Cir. 2004). Infinity alleged that the contract was executed in Florida in its complaint, and this fact is deemed to have been admitted by the Defendants. Accordingly, Florida law will apply.

> Florida Statute § 627.409 provides in relevant part as follows:
>
> A misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract of policy only if any of the following apply:
>
> (a) The misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer.
>
> (b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

Fla. Stat. § 627.409(1). "Where a misrepresentation occurs that meets the requirements of § 627.409 the insurer, as a matter of right, may unilaterally rescind." *Fabric v. Provident Life & Acc. Ins. Co.*, 115 F.3d 908, 912 (11th Cir. 1997) (citing *Pino v. Union Bankers Ins. Co.*, 627 So.2d 535 (Fla. 3d Dist. Ct. App. 1993)).

Infinity alleged in its complaint that Farfan-Correa misrepresented his residence and the location where the car would be garaged. Doc. No. 1 ¶¶ 12-16, 20-22. Infinity alleged in its complaint that it relied on the information in Farfan-Correa's application and would not have issued the Policy if it had known that Farfan-Correa resided in and garaged the car in New York. Doc. No. 1 ¶ 26. Infinity stopped writing policies in New York before Farfan-Correa applied for insurance coverage. *Id.*

Accordingly, under Florida law and the terms of the policy, Infinity was entitled to rescind the contract, which it did. Doc. No. 1. ¶ 23. Where "a material misrepresentation is established . . . the subject insurance policy would be void *ab initio* and, accordingly, there would be no liability coverage for the subject accident." *Union Am. Ins. Co. v. Fernandez*, 603 So.2d 653 (Fla. 3d Dist. Ct. App. 1992) (citing *Life Ins. Co. of Va. v. Shifflet*, 201 So.2d 715 (Fla. 1967); *Abrams v.*

*General Ins. Co.*, 508 So.2d 436 (Fla. 3d Dist. Ct. App. 1987); *Blue Cross/Blue Shield of Fla., Inc. v. Mignolet,* 475 So.2d 965 (Fla. 3d Dist. Ct. App. 1985)).  Here, Infinity has established that Farfan-Correa's misrepresentation of his residence and the residence of the car was material. Accordingly, Infinity is entitled to a declaratory judgment that the policy was void *ab initio*, and that therefore, there can be no liability under that policy for Infinity.

## IV.  RECOMMENDATION.

For the reasons set forth above, I respectfully recommend that the Court **GRANT** Plaintiffs' Motion for Entry of Final Default Judgment (Doc. No. 12) and that the Court issue a declaratory judgment that the automobile insurance policy issued by Infinity Auto Insurance Company to Jorge Farfan-Correa was void *ab initio* and that Infinity, therefore, has no duty to defend or indemnify Defendants or any other party for any claims on that policy.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 28, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy